IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES F. WARD, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al. | : | |
| Respondents, | : | NO.  15-3703 |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed

pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional

Institution Houtzdale, in Houtzdale, Pennsylvania.  For the reasons which follow, it is

recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

On March 17, 2012, petitioner appeared before the Honorable James P. Cullen to

enter an Alford plea[1] to one count of involuntary deviate sexual intercourse with a person less

than sixteen (16) years of age, one count of indecent assault of a person less than thirteen (13)

years of age, two counts of indecent assault of a person less than sixteen (16) years of age, and

three counts of corruption of minors under Lancaster County criminal docket number 4619-2010.

On the same day petitioner entered a guilty plea to forty counts of photographing or filming

sexual acts involving children under seventeen (17) years of age, and one-hundred counts of

possession of child pornography under Lancaster County criminal docket number 568-2011.  On

September 24, 2012, following a pre-sentence investigation report and a state sexual offender's

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160 (1970).  The plea is a judicial admission of guilt, but allows
the defendant to maintain his innocence.

assessment, petitioner was sentenced to an aggregate term of not less than ten (10) nor more than twenty (20) years imprisonment.  Petitioner did not file a direct appeal.

On August 19, 2013, petitioner filed a timely *pro se* petition for post-conviction relief, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*.  Counsel was appointed, and subsequently submitted a no-merit letter pursuant to <u>Commonwealth v. Finely</u>, 379 Pa. Super. 390, 550 A.2d 213 (1988) (<u>en banc</u>).[2]  Petitioner obtained new counsel, who then filed an amended PCRA petition on February 18, 2014, alleging that petitioner was induced to enter his pleas due to ineffective assistance of plea counsel.  On August 7, 2014, following a hearing, petitioner's PCRA petition was denied.  Petitioner appealed to the Superior Court, which affirmed the dismissal on December 30, 2014.  Petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on June 25, 2015.

Petitioner filed the instant federal habeas corpus petition with this court pursuant to 28 U.S.C. § 2254, claiming that petitioner's pleas were induced by ineffective assistance of counsel, because plea counsel gave petitioner erroneous advice.

Respondents argue that petitioner's claim is meritless.  After detailed review of the state court records, we agree, and find petitioner is not entitled to relief and petitioner's petition for habeas corpus should be denied.

## II.    STANDARDS OF REVIEW

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a

---

[2] Pursuant to <u>Commonwealth v. Finley</u>, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post conviction proceeding may be given leave to withdraw upon the submission of a "no-merit" letter that details the nature and extent of this review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

significant burden.  Section 104 of the AEDPA imparts a presumption of correctness to the state

court's determination of factual issues – a presumption that petitioner can only rebut by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1) (1994).  The statute also grants significant

deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was adjudicated
> on the merits in State court proceedings unless adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court of the United States, in Williams v. Taylor, 529 U.S. 362,

404-05, 120 S. Ct. 1495, 1518-19 (2000), interpreted the standards established by the AEDPA

regarding the deference to be accorded state court legal decisions, and more clearly defined the

two-part analysis set forth in the statute.  Under the first part of the review, the federal habeas

court must determine whether the state court decision was "contrary to" the "clearly established

federal law, as determined by the Supreme Court of the United States."  Williams, 529 U.S. at

404.  Justice O'Connor, writing for the majority of the Court on this issue, explained that a state

court decision may be contrary to Supreme Court precedent in two ways: (1) "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or

(2) "if the state court confronts facts that are materially indistinguishable from a relevant

Supreme Court precedent and arrives at a result opposite to ours [the Supreme Court's]."  Id. at

405.  However, this "contrary to" clause does not encompass the "run-of-the-mill" state court

3

decisions "applying the correct legal rule from [Supreme Court] cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). Id. at 407-08. The Court found that a state court decision can involve an unreasonable application of Supreme Court precedent in one of two ways: (1) "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. However, the Supreme Court specified that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. The Supreme Court has more recently pronounced: "The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 573, 127 S. Ct. 1933, 1939 (2007).

III.    DISCUSSION OF THE MERITS

Petitioner's claim has been properly exhausted and will now be discussed on the merits.

Petitioner claims that he was denied the constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution. Petitioner claims that his Alford and guilty pleas are invalid due to plea counsel's ineffective

assistance.  Petitioner alleges that plea counsel told petitioner that petitioner would not receive a fair trial and that petitioner should enter a plea to the charges against him.  Specifically, petitioner claims that plea counsel told petitioner that because the charges against petitioner were similar to the charges against Jerry Sandusky, in Commonwealth v. Sandusky, and that because the public was outraged by Jerry Sandusky, petitioner did not stand a chance at trial.  Additionally, petitioner alleges that plea counsel failed to properly explain the jury selection process, and if counsel had explained the process, petitioner would not have entered the pleas he did.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged ineffectiveness of counsel.  Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984).  The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel.  U.S. Const., amend. VI.  The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged.  Id. at 668.  First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness."  Id.  The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."  Id. at 689

(quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 76 S. Ct. 158, 163-64 (1955)).

A convicted defendant asserting ineffective assistance must therefore identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment. <u>Id.</u> at 690.  Then the reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance."  <u>Id.</u>  Under Pennsylvania law, counsel is not ineffective for failing to raise baseless or frivolous issues.  <u>Commonwealth v. Wilson</u>, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense.  <u>Strickland</u>, 466 U.S. at 687.  To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."  <u>Id.</u> at 694.  A reviewing court need not determine whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency.  If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed.  <u>Id.</u> at 697.

The PCRA court reviewed this claim on collateral appeal, and found it meritless. In evaluating and denying petitioner's ineffective assistance of counsel claim, the PCRA court cited to <u>Strickland</u>, and articulated the Pennsylvania ineffective assistance standard.  The PCRA court explained that applying the <u>Strickland</u> performance and prejudice standard, the Pennsylvania Supreme Court has noted that a properly pled claim of ineffective assistance of counsel posits that:

(1) The underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [the petitioner] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

6

PCRA Opinion, 8/7/14, at 4, citing <u>Commonwealth v. Fears</u>, 86 A.3d 795, 804 (Pa. 2014)(quoting <u>Commonwealth v. Lesko</u>, 609 Pa. 128, 15 A.3d 345, 37-74 (2011)).

It is settled in this circuit that the test used by the Pennsylvania courts in determining ineffective assistance of counsel claims is not contrary to <u>Strickland</u>. <u>See</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 204 (3d Cir.2000)(holding that Pennsylvania's test for ineffective assistance of counsel is not contrary to <u>Strickland</u>.) <u>See</u> <u>also</u> <u>Jacobs v. Horn</u>, 395 F.3d 92, 106 n.9 (noting that Pennsylvania's test for ineffective assistance of counsel is not contrary to <u>Strickland</u> and addressing thereafter its application to the facts of the case).

Based on an independent review of the record, this court finds that the PCRA court's decision was not based on an "unreasonable application of Supreme Court precedent."

Petitioner's claim is that his plea was involuntary because plea counsel told petitioner he would not get a fair trial and failed to explain the jury selection process.  Petitioner testified on direct examination at the PCRA hearing that petitioner and plea counsel met between eight to twelve times during the course of plea counsel's representation.  N.T., 4/16/2014, 9.  Petitioner testified that plea counsel told petitioner that he "would not stand much of a chance" at trial.  <u>Id.</u>  Petitioner testified that plea counsel said "do you really think, [], that in Lancaster County, before the people of the County, you would stand much of a chance standing there before those three boys, when most of the people have been reading what they see in the paper about that Sandusky--about that Jerry Sandusky case."  <u>Id.</u>   Petitioner further testified that plea counsel never informed petitioner that he could question potential jurors during jury selection, and that petitioner could request to remove the jurors who expressed that they could not be fair and impartial.  <u>Id.</u> at 9-10.  Petitioner told the court that he would not have accepted the negotiated plea had petitioner known about the jury selection process.  <u>Id.</u> at 10.

However, on cross examination, petitioner admitted that he knew about the jury selection process when he pled guilty, and in fact, petitioner admitted he had known about the jury selection process for many years prior to his arrest.  Id. at 12.  Petitioner also admitted on cross examination that he never told plea counsel that petitioner wanted a jury trial.  Id. at 19, 21-22.

Plea counsel also testified at the PCRA hearing, and stated that he discussed petitioner's right to a trial either by judge or jury, as well as petitioner's option of pleading guilty.  Id. at 29.  Plea counsel testified that he told petitioner several times of petitioner's right to a trial, but that every time plea counsel brought up a trial, petitioner would become angry and agitated.  Id. at 30-31.  Plea counsel told the court that "I remember that so distinctly because that's so unusual for a client to get angry when you discuss their option of going to a trial….Usually, what I found in my practice is when you talk to them about pleading guilty, they tend to maybe get agitated, but I've never had anybody get agitated when I've discussed with them what their trial rights are."  Id.  Plea counsel testified that he never told petitioner he could not go to trial.  Id. at 31.  In regards to the Sandusky trial issue, plea counsel stated that he did not have a specific recollection of talking about the Sandusky trial at any length.  Id. at 32.  Counsel testified that they never discussed the specific allegations in the Sandusky trial, nor did they discuss the impact that the Sandusky trial would have on petitioner's trial.  Id.

The PCRA court also reviewed petitioner's on-the-record oral plea colloquy, and written guilty plea statement signed by petitioner and counsel.  The PCRA court noted the following:

> The Court conducted a thorough oral colloquy on the record with [petitioner]. During this colloquy, the Court informed [petitioner] of his right to trial by jury or by a judge sitting without a jury.  (N.T., May 17, 2012, 25-26).  The Court explained:

> A jury would consist of 12 people from Lancaster County who are eligible for jury service.  You and [plea counsel] could participate in the selection of the jury.  You could excuse people from jury service if they could not follow my instructions on the law or if they could not be fair to you or for any other legitimate reason.

> (Id. at 25).  The Court also explained that by pleading guilty, [petitioner] was giving up his right to a trial and the right to file any pretrial motion, including a motion to sever the charges on each docket number and have them tried separately.  (Id. at 28-29).  [Petitioner] indicated that he understood.  (Id. at 29).

> ….[Petitioner] also stated both on the written colloquy and during the oral colloquy that he had not been threatened or forced to plead guilty and that he made the decision to plead guilty of his own free will.  (Guilty Plea Colloquy, ¶¶ 49-52; N.T., May 17, 2012, 39, 42).  [Petitioner] stated that he had sufficient time to speak with plea counsel, that he was satisfied with plea counsel's work on his behalf and had no complaints about what plea counsel did or did not do on his behalf.  (N.T., May 27, 2012, 33-34).

PCRA Opinion, 8/7/14, at 10-11.

Based on petitioner's PCRA hearing testimony, plea counsel's testimony, and petitioner's oral and written plea colloquy, the PCRA court found that petitioner's assertions that plea counsel did not advise petitioner that petitioner could strike potential jurors from the jury panel and that plea counsel told petitioner he would not receive a fair trial were not credible.  Further, the PCRA court found plea counsel's testimony was credible.  Id. at 11-12.

 The state court's underlying factual determinations are entitled to AEDPA deference.  See Miller v. Fenton, 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).  Additionally, The Pennsylvania courts' credibility findings must also be presumed correct under § 2254(e)(1).  As such, this court presumes that the PCRA court's credibility finding as to petitioner and plea counsel are correct.

To comport with due process, a defendant's plea of guilty must be voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238, 242 (1969).  A guilty plea is void if induced by

threats that strip it of a voluntary nature.  <u>See</u> <u>Heiser v. Ryan</u>, 951 F.2d 559, 561 (3d Cir. 1991).

The Third Circuit has noted a habeas petitioner challenging the voluntary nature of his guilty

plea "faces a heavy burden."  <u>Zilich v. Reid</u>, 36 F.3d 317, 320 (3d Cir. 1994).  Indeed, "the

representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

collateral proceedings.  Solemn declarations made in open court carry a strong presumption of

verity."  <u>Id.</u> (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)).  As such, determinations

of factual issues by state courts are presumed to be correct, and a defendant "ha[s] the burden of

rebutting the presumption of correctness by clear and convincing evidence."  <u>See</u> 28 U.S.C. §

2254(e)(1).

      As explained <u>supra</u>, the PCRA court determined petitioner's guilty plea colloquy,

PCRA hearing testimony, and plea counsel's hearing testimony established petitioner was aware

of and understood the jury selection process, and petitioner's right to a trial.  Further, the PCRA

court determined that the record also supported a finding that petitioner was not induced to plead

guilty because plea counsel told petitioner he did not stand a chance at trial.  The PCRA court

credited the testimony of plea counsel that counsel informed petitioner of his right to a trial, that

petitioner never asked to go to trial, and that counsel never told petitioner that he did not stand a

chance at trial because of the Sandusky matter.  Moreover, the PCRA court determined that

petitioner's testimony was not credible.  The PCRA court determined that petitioner's guilty plea

was knowing, intelligent and voluntary.  We find the above-referenced state court determination

was not contrary to or an unreasonable application of Supreme Court precedent, because

petitioner has not shown by clear and convincing evidence that his plea was unknowing or

involuntary.  <u>See</u> <u>Wheeler v. Rozum</u>, 410 F. App'x 453, 459-560 (3d Cir. 2010).  As such, we

recommend petitioner's claim be denied.

RECOMMENDATION

AND NOW, this 29th day of January, 2016, IT IS RESPECTFULLY

RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED with prejudice.

Further, there is no probable cause to issue a certificate of appealability.

The petitioner may file objections to this Report and Recommendation.  See Local

Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


_ /S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE