IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES F. WARD,            :
        Petitioner,   :
                      :
v.                        :     Civ. No. 15-3703
                      :
KENNETH CAMERON, et al.,  :
        Respondents.  :

**O R D E R**

On July 31, 2015, state prisoner James F. Ward, proceeding *pro se*, sought habeas relief, alleging ineffective assistance of counsel in connection with his guilty plea entered on March 17, 2012 in the Lancaster County Common Pleas Court. 28 U.S.C. § 2254; (Doc. Nos. 1, 3). I referred the matter to Chief Magistrate Judge Caracappa, who, on January 29, 2016, recommended denying relief. (Doc. No. 11.) No objections have been filed. (Doc. No. 32); Fed. R. Civ. P. 72(b)(2).

In the absence of objections, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed Judge Caracappa's Report, I agree with her recommendation.

On March 17, 2012, Petitioner pled guilty to: (1) one count of involuntary deviate sexual intercourse with a person less than sixteen years old; (2) one count of indecent assault of a person less than thirteen years old; (3) two counts of indecent assault of a person less than sixteen years old; (4) three counts of corruption of minors; (5) forty counts of photographing sexual acts involving minors; and (5) one hundred counts of child pornography possession. (Doc. No. 11 at 1.) Petitioner then sought habeas relief under Pennsylvania's Post Conviction Relief Act, arguing

that counsel induced him to plea guilty on erroneous advice that he could not receive a fair trial due to the nature of his crimes.

During the April 16, 2014 PCRA hearing, both Petitioner and counsel testified. (Doc. No. 11 at 8-10.) The PCRA court credited counsel's testimony, and largely discredited Petitioner's. (Id. at 10); see 28 U.S.C. § 2254(e)(1) (presumption of correctness for state court factual determinations). Counsel testified that he repeatedly informed Petitioner of his trial rights—including the voir dire process and the possibility of a bench trial (which would eliminate any change of juror bias). Petitioner was again informed of his right to a jury or bench trial during his guilty plea colloquy. (Id. at 8.)

On August 7, 2014, the PCRA court rejected Petitioner's ineffectiveness claim on the merits, concluding that counsel was not ineffective and that Petitioner's plea was knowing, intelligent, and voluntary. (Doc. No. 11 at 6); Strickland v. Washington, 466 U.S. 668, 695 (1984); Commonwealth v. Lesko, 15 A.3d 345 (Pa. 2014); see Werts v. Vaughn, 228 F.3d 178, 203-04 (3d Cir. 2000); Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994). The Superior Court affirmed.

Judge Caracappa correctly reviewed the PCRA court's decision to determine whether it involved an unreasonable application of Supreme Court precedent or an unreasonable determination of facts in light of the evidence presented in the PCRA court. 28 U.S.C. § 2254(d)(1)-(2); (Doc. No. 11 at 7-10.) I agree with her conclusion that it did not. In these circumstances, it was certainly not unreasonable for the PCRA court to reject Petitioner's claim as meritless. Accordingly, I agree that no evidentiary hearing is warranted and that there is no probable cause to issue a certificate of appealability.

**AND NOW**, this 11th day of March, 2016, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 3), and Respondents' Response (Doc. No. 10), and after careful

and independent review of the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa (Doc. No. 11), it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Doc. No. 3) is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there is no probable cause to issue a certificate of appealability.

**IT IS SO ORDERED.**

 */s/ Paul S. Diamond*
_____
Paul S. Diamond, J.